IN THE SUPERIOR COURT



**FILED**

March 08, 2021
SX-2014-CV-00423
TAMARA CHARLES
CLERK OF THE COURT



## SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

|  |  |
|---|---|
| **DONA AARON,** | **Civil No. SX-14-CV-423** |
| **PLAINTIFF,** | **ACTION FOR WRONGFUL TERMINATION, BREACH OF CONTRACT, AND DAMAGES** |
| V. | |
| **VIRGIN ISLANDS GOVERNMENT HOSPITAL AND HEALTH FACILITIES CORPORATION,** | **JURY TRIAL DEMANDED** |
| | **CITE AS: 2021 VI SUPER 30P** |
| **DEFENDANT.** | |

**Appearances:**
**Clive Rivers, Esq.**
**Law Office of Clive Rivers**
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

**Denise N. George, Esq.**
**Christopher M. Timmons**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Defendant Virgin Islands Government Hospital and Health Facilities Corporation's (hereinafter "VIGHHFC") motion for judgment on the pleadings pursuant to Rule 12(c) of Virgin Islands Rules of Civil Procedure, filed on September 18, 2020. Plaintiff Dona Aaron (hereinafter "Plaintiff") did not file an opposition.

### BACKGROUND

¶ 2    On November 7, 2014, Plaintiff filed a complaint against Governor Juan Francisco Luis Hospital and Medical Center (hereinafter "JFL") in connection with the termination of her

employment with JFL. Virgin Islands Department of Justice appeared in this matter to represent

JFL. Plaintiff's complaint alleged the following causes of action against JFL:[1] Count I-breach of

---

[1] Plaintiff did not include the name of the specific cause of action for each count. Thus, the name of the specific cause of action for each count is deduced from the following statements in Plaintiff's complaint:

Count I

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 12 inclusive as though set forth herein verbatim;

14. Defendant JFL through its principals and agents entered into an employment agreement with Plaintiff which has implied by law a covenant of good faith and fair dealing by which Defendant J FL and Defendant Chief Executive Officer, Jeff A. Nelson promised to give full cooperation to Plaintiff in the performance of the employment agreement and to refrain from an act which would prevent or impede Plaintiff from performing all conditions of the agreement to be performed by her and her ability to earn a living.

15. Defendants breached the implied covenant of good faith and fair dealing with regard to the Plaintiff by wrongfully terminating her without just cause, i.e. forcing her out of work.

16. As a result of the breach of the covenant of good faith and fair dealing and in violation of the Virgin Islands Code Defendants caused Plaintiff to suffer severe emotional distress loss of wages and the benefits which would have been received had Defendants not wrongfully terminated her.

Count II

17. Plaintiff repeats and re alleges the allegations contained in Paragraph 1 through 16 inclusive as though set forth herein verbatim.

18. Plaintiff and Defendant were to an employment relationship/agreement the terms of which were by various written and verbal communications, promises and performances;

19. Plaintiff took pride in her work and duties skillfully and efficiently with no complaints or disciplinary action taken against her by Defendants;

20. Defendants breached the employment contract both express and implied between the parties and thereby forced Plaintiff out of her job without justifications. [sic] agreement between the parties by forcing her from her job without just cause;

21. As a direct result and proximate result of breach, Plaintiff suffered damages and will continue to suffer damages in the future as alleged above;

Count III

22. Plaintiff repeats and re alleges the allegations contained in the Paragraphs 1 through 21 inclusive as though set forth herein verbatim;

23. The action of Defendant in forcing Plaintiff off their premises and out of work constitutes wrongful discharge in violation of 24 V.I.C. Section 76 et. Seq.;

24. As a result of Defendant s actions Plaintiff suffered damages Defendant's actions were purposeful intentional reckless and outrageous in nature and committed with such disregard for the rights of the Plaintiff as to entitle Plaintiff to an award of damages including punitive damages as provided for under 24 V.I.C. Section 79.

Count IV

25. Plaintiff repeats and realleges the allegations contained in Paragraph 1 through 21 inclusive as though set forth herein verbatim;

26. Throughout her employment with Defendants, Plaintiff was a loyal employee who performed her duties in a competent and conscientious manner and as a direct result of Defendants unlawful actions in terminating Plaintiff's employment without justification, Plaintiff suffered intentional infliction of emotional distress.

implied covenant of good faith and fair dealing, Count II-breach of employment contract, Count III-wrongful discharge in violation of Title 24 V.I.C. §76 et. seq., and Count IV-intentional infliction of emotional distress, or in the alternative, negligent infliction of emotional distress. In response to Plaintiff's complaint, JFL filed a motion to dismiss complaint on December 22, 2014 and a notice of filing supplemental authority in support of its motion to dismiss complaint on October 11, 2016. Plaintiff did not file a response to either document. On October 24, 2016, the Court entered an order whereby the Court granted in part and denied in part JFL's motion to dismiss complaint, dismissed with prejudice Count III for wrongful discharge in violation of Title 24 V.I.C. §76 et. seq., and ordered Plaintiff to file an amended complaint naming the proper defendant(s) in this case within thirty days from the date of entry of the order and effectuate service of process as deemed appropriate.[2] (Oct. 24, 2016 Order, p. 6)

---

27. If not intentional Plaintiff suffered negligent infliction of emotional distress[.]

28. As a direct and proximate result of Defendant's intentional and/or reckless acts or omissions Plaintiff suffered damages as alleged herein[.]

[2] In the October 24, 2016 order, the Court explained:

> The Court emphasizes that the Legislature granted the [Virgin Islands Government Hospitals and Health Facilities Corporation] with the power to "sue and be sued subject to the limitations and requirements of existing law applicable to the Government of the Virgin Islands." 19 VI C § 244(a). No such power has been granted to [Governor Juan Francisco Luis Hospital and Medical Center]. Thus, because [Governor Juan Francisco Luis Hospital and Medical Center] is a public healthcare facility under the jurisdiction of the [Virgin Islands Government Hospitals and Health Facilities Corporation] and the [Virgin Islands Government Hospitals and Health Facilities Corporation] is a public entity of the Government the provisions of the [Wrongful Discharge Act] do not apply to individuals employed at [Governor Juan Francisco Luis Hospital and Medical Center]. *See Gardiner v Virgin Islands Hospitals and Health Facilities Corp.*, Super. Ct. Civ. No. SX-2104-CV-112, at *9-14 (Oct. 4, 2016) (opining that the [Wrongful Discharge Act] does not apply to [Virgin Islands Government Hospitals and Health Facilities Corporation] or to [Governor Juan Francisco Luis Hospital and Medical Center]). Therefore, Aaron's claim for wrongful discharge must be dismissed.

> The dismissal of Aaron's wrongful discharge claim does not however terminate this Litigation. As noted above Aaron alleges three other causes of action in her complaint. The fact that the [Virgin Islands Government Hospitals and Health Facilities Corporation] is a public employer does not mandate a dismissal of these claims. Accordingly, because Defendant has not made any arguments as to why the other claims should be dismissed, and because [Governor Juan Francisco Luis Hospital and Medical Center] is not a legal entity that has the authority to sue or be sued, the Court will permit Aaron to file an amended complaint to name the proper parties in this case. *See Gov't Employees Ret. Sys.*, 2016 V.I. LEXIS 128, at *10-13.

(Oct. 24, 2016 Order, pp. 5-6)

¶ 3     On November 4, 2019, Plaintiff and the Virgin Islands Department of Justice filed a

proposed joint discovery and scheduling plan with the following caption: *Dona Aaron v. Virgin*

*Islands Government Hospital and Health Facilities Corporation*. On November 12, 2019, the

Court entered an order granting the proposed joint discovery and scheduling plan.

¶ 4     On September 18, 2020, VIGHHFC filed an answer and noted:

> On October 24, 2016, this court dismissed Plaintiff's wrongful discharge claim with
> prejudice and further, dismissed the remainder of Plaintiff's claims against JFL Hospital
> without prejudice because JFL is not a legal entity with authority to sue or be sued. In its
> Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, Ms. Aaron
> was ordered to file an amended complaint naming the appropriate parties within thirty days
> of its order and to effect service thereof. According to the Court's docket in this matter
> (See Exhibit A), Plaintiff has failed to file her First Amended Complaint. Defendants do
> however have a copy of a document purporting to be Plaintiff's First Amended Complaint
> (hereinafter "First Amended Complaint" or "FAC"), which, consistent with the absence of
> a filing on the docket, does not indicate that it has been filed. It would appear based on the
> certificate of service therein, that Plaintiff served (but did not file) her First Amended
> Complaint on or about September 3, 2019 (some three years late according to the Court's
> October 24, 2016 Order). **At present there is no operative complaint on the Court's
> docket governing the present dispute. Defendants file this Answer out of an
> abundance of caution and in light of the deadline for dispositive motions presently in
> effect.** (Answer, p. 1, n. 1) (emphasis in original)

A copy of the docket for this matter and a copy of executed employment agreement between JFL

and Plaintiff, dated December 14, 2010 (hereinafter "Employment Agreement"),[3] was attached as

Exhibit A and Exhibit B, respectively.

¶ 5     On September 21, 2020, VIGHHFC filed this instant motion for judgement on the

pleadings and noted:

> According to the Court's docket in this matter (see Exhibit A), Plaintiff has failed
> to file her First Amended Complaint. Defendants do however have a copy of a document
> purporting to be Plaintiff's First Amended Complaint (hereinafter "First Amended
> Complaint" or "FAC"), which, consistent with the absence of a filing on the docket, does
> not indicate that it has been filed. It would appear based on the certificate of service therein,
> that Plaintiff served (but did not file) her First Amended Complaint on or about September

---

[3] The Employment Agreement was signed by Dona M. Aaron and Jeff Nelson, the Chief Executive Officer of JFL.

3, 2019 (some three years late according to the Court's October 24, 2016 Order). At present there is no operative complaint on the Court's docket governing the present dispute. However, in an abundance of caution in light of the Court's scheduling order in this matter setting the deadline for dispositive motions on September 18, 2020 Defendants file the instant Motion for Judgment on the Pleadings. (Motion for Judgment on the Pleadings, pp. 1-2)

¶ 6     On January 27, 2021, the Court entered an order whereby the Court ordered: (i) that the following documents to be stricken from the record (1) VIGHHFC's answer, filed on September 18, 2020, (2) VIGHHFC's motion for judgment on the pleadings pursuant to Rule 12(c) of Virgin Islands Rules of Civil Procedure, filed on September 18, 2020, and (3) the joint discovery and scheduling plan of Plaintiff and VIGHHFC entered on November 12, 2019, (ii) Plaintiff appear for a show cause hearing, and (iii) Plaintiff to file a first amended complaint.[4]

¶ 7     In response to the Court's January 27, 2021 order, Plaintiff filed a notice of previously filed first amended complaint and request to quash the order to show cause. A copy of the first amended complaint, date-stamped September 3, 2019, a copy of Plaintiff's motion to rescind the show cause

---

[4] In its January 27, 2021 order, the Court explained:

> The Court must note at the outset that there are two glaring issues that must be dealt with immediately. First, Plaintiff has not filed a first amended complaint per the Court's October 24, 2016 order. As such, the original complaint is still the operative complaint.[4] Thus, VIGHHFC is not currently a party in this lawsuit and its answer and motion is not properly before the Court. The Court will strike from the record VIGHHFC's answer and motion. Similarly, the Court will also strike from the record the joint discovery and scheduling plan of Plaintiff and VIGHHFC entered on November 12, 2019. Second, it is extremely troubling to the Court that over four years have passed, and Plaintiff still has not complied with the Court's October 24, 2016 order.[5] The Court will order Plaintiff to show cause why she should not be held in contempt and sanctioned for failing to comply with the Court's October 24, 2016 order. *See* Title 14 V.I.C. § 581 ("Every court of the Virgin Islands shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other as — ... (3) disobedience or resistance to its lawful writ, process, order, rule decree, or command.") The Court will also order Plaintiff to file a first amended complaint per the Court's October 24, 2016 order within three days from the date of entry of this order.

> [4] The October 24, 2016 order did not dismiss the original complaint; instead, Plaintiff was ordered to amend the complaint to name the proper defendant(s).

> [5] While VIGHHFC's answer indicated that "[i]t would appear based on the certificate of service [of the Unfiled FAC], that Plaintiff served (but did not file) her [the Unfiled FAC] on or about September 3, 2019..." However, the certificate of service attached to the Unfiled FAC was for the service of "Motion to Rescind the Show Cause Order" and not the Unfiled FAC. Thus, it is unclear when, if at all, VIGHHFC was served with a copy of the Unfiled FAC. *See supra*, footnote 3.

order, dated September 3, 2019, and a copy of the order granting Plaintiff's motion to rescind the

show cause order, entered on September 9, 2019, were attached to Plaintiff's notice. Plaintiff's

first amended complaint alleged the following causes of action against VIGHHFC:[5] Count I-

breach of implied covenant of good faith and fair dealing, Count II-breach of employment contract,

---

[5] Plaintiff did not include the name of the specific cause of action for each count. Thus, the name of the specific cause of action for each count is deduced from the following statements in Plaintiff's first amended complaint:

Count I

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 14 inclusive as though set forth herein verbatim;

16. Defendant through its principals and agents entered into an employment agreement with Plaintiff which has implied by law a covenant of good faith and fair dealing by which Defendant, its agencies and its representatives promised to give full cooperation to Plaintiff in the performance of the employment agreement and to refrain from an act which would prevent or impede Plaintiff from performing all conditions of the agreement to be performed by her and her ability to earn a living.

17. Defendants breached the implied covenant of good faith and fair dealing with regard to the Plaintiff by wrongfully terminating her without just cause, i.e. forcing her out of work.

18. As a result of the breach of the covenant of good faith and fair dealing and in violation of Plaintiff's rights, Defendants and/or its agents caused Plaintiff to suffer severe emotional distress, loss of wages, and the benefits which would have been received had Defendants not wrongfully terminated her, all to her damages.

Count II

19. Plaintiff repeats and re alleges the allegations contained in Paragraph 1 through 18 inclusive as though set forth herein verbatim.

20. Plaintiff and Defendant were parties to an employment relationship/agreement, the terms of which were made by various written and verbal communications, promises and performances.

21. Plaintiff took pride in her work and duties skillfully and efficiently with no complaints or disciplinary action taken against her by Defendant.

22. Defendants breached the employment contract, both expressly and impliedly, between the parties and thereby forced Plaintiff out of her job without just cause.

23. As a direct result and proximate result of breach, Plaintiff suffered damages and will continue to suffer damages in the future as alleged above; all to her damage.

Count III

24. Plaintiff repeats and realleges the allegations contained in Paragraph 1 through 23 inclusive as though set forth herein verbatim.

25. Throughout her employment with Defendants, Plaintiff was a loyal employee who performed her duties in a competent and conscientious manner and, as a direct result of Defendant's unlawful actions in terminating Plaintiff's employment without justification, Plaintiff suffered intentional infliction of emotional distress.

26. If not intentional, Plaintiff suffered negligent infliction of emotional distress.

27. As a direct and proximate result of Defendant's intentional and/or reckless acts or omissions Plaintiff suffered damages as alleged herein.

Count III-intentional infliction of emotional distress, or in the alternative, negligent infliction of emotional distress. On February 24, 2021, the Court entered an order whereby the Court ordered the docket for this matter updated to reflect that Plaintiff's first amended complaint was filed on September 3, 2019, the show cause hearing scheduled for Plaintiff on March 11, 2021 vacated, the portion of the Court's January 27, 2021 order striking the following documents from the record: (1) VIGHHFC's answer, filed on September 18, 2020, (2) VIGHHFC's motion for judgment on the pleadings pursuant to Rule 12(c) of Virgin Islands Rules of Civil Procedure, filed on September 18, 2020, and (3) the joint discovery and scheduling plan of Plaintiff and VIGHHFC entered on November 12, 2019 vacated, the docket for this matter updated to reflect that VIGHHFC's answer was filed on September 18, 2020, VIGHHFC's motion for judgment on the pleadings pursuant to Rule 12(c) of Virgin Islands Rules of Civil Procedure was filed on September 18, 2020, and the joint discovery and scheduling plan of Plaintiff and VIGHHFC was entered on November 12, 2019, and a status conference scheduled. As such, VIGHHFC's motion for judgment on the pleadings pursuant to Rule 12(c) of Virgin Islands Rules of Civil Procedure is currently pending.

## STANDARD OF REVIEW

¶ 8    The court should not grant a motion for judgment on the pleadings "'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.'" *Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558 at 566 (V.I. 2012) (quoting *Mele v. Fed'l Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004) (quoting *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002))); *see also, United Corp. v. Hamed*, 64 V.I. 297, 305 (2016) ("[a] motion for judgment on the pleadings should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law"); *see also, Reynolds v. Rohn*, 70 V.I. 887, 896

(2019) (quoting *United*, 64 V.I. at 305). "As with a Rule 12(b)(6) motion, this Court 'view[s] the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff.'" *Benjamin*, 56 V.I. at 566 (quoting *Mele*, 359 F.3d at 253 (quoting *Leamer*, 288 F.3d at 535)); *see also, United Corp.*, 64 V.I. at 305 (noting that the court "views the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff"); *see also, Reynolds*, 70 V.I. at 896. The court is "foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on the pleadings." *Benjamin*, 56 V.I. at 566; *see also, United Corp.*, 64 V.I. at 305 (noting that the court may not "consider[ ] evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on the pleadings"); *see also, Reynolds*, 70 V.I. at 896.

## DISCUSSION

¶ 9     In its motion, VIGHHFC argued that it is entitled to judgment as a matter of law because Plaintiff cannot prevail on her claims for breach of contract, breach of implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress, and thereby, the Court should grant its motion. The Court will discuss each of Plaintiff's claims in turn.

### 1. Breach of Contract

¶ 10    In its motion, VIGHHFC argued that it is entitled to judgment as a matter of law as to Plaintiff's claim for breach of contract because Plaintiff was an at-will employee and the Employment Agreement "provided [VIGHHFC] the express authority to terminate [Plaintiff's] employment with or without cause." (Id., at p. 8) VIGHHFC made the following assertions in

support of its argument: (i) Plaintiff's "employment was at-will."[6] (Id.); and (ii) Plaintiff's Employment Agreement "provided Defendant the express authority to terminate [Plaintiff's] employment with or without cause."[7] (Id.)

¶ 11     The Virgin Islands Supreme Court has adopted the following four elements underlying a claim for breach of contract as "the soundest path forward" in the Virgin Islands: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 620 (V.I. 2017). Here, it is not in dispute that Plaintiff's employment with JFL was governed by a contract. In her first amended complaint, Plaintiff alleged that "Plaintiff and [VIGHHFC] were parties to an employment relationship/agreement, the terms of which were made by various written and verbal communications, promises, and performances." (FAC ¶ 20) In its answer, VIGHHFC "admit[ted] that it entered into written employment agreements with Plaintiff" and attached a copy of the Employment Agreement as Exhibit B to its answer. (Answer ¶ 16) In its motion, VIGHHFC again acknowledged the Employment Agreement and argued that it governed Plaintiff's employment with JFL. Plaintiff did not dispute VIGHHFC's claim—since Plaintiff did not file an opposition to VIGHHFC's motion—that the Employment Agreement governed her employment with JFL. According to the Employment Agreement,[8] "[t]he Chief Executive Officer of the Hospital[9] may terminate the Employee[10] with or without cause." (Employment Agreement ¶ 5) While Plaintiff alleged in the first amended complaint that her

---

[6] VIGHHFC referenced: VIGHHFC's arguments made as to Plaintiff's claim for breach of implied covenant of good faith and fair dealing.

[7] VIGHHFC referenced: Employment Agreement ¶ 5.

[8] The Court is not foreclosed from considering the Employment Agreement since a copy of the Employment Agreement was attached as Exhibit B to VIGHHFC's answer. *See Benjamin*, 56 V.I. at 566 (The court is "foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings in determining whether it was proper to grant a motion for judgment on the pleadings.").

[9] In the Employment Agreement, the "Hospital" was defined as JFL.

[10] In the Employment Agreement, "Employee" was defined as Dona M. Aaron.

employment with JFL was governed by "written and verbal communications, promises, and performances," the first amended complaint did not reveal the existence of a contract provision, whether written or oral, creating a duty to terminate Plaintiff only for just cause. Even, assuming arguendo, that there were other written or oral agreements, these other agreement are not enforceable because the Employment Agreement also included an unambiguous merger clause—"[t]his [Employment Agreement] **constitutes the entire Agreement between the parties** and all prior understandings are merged herein." (Employment Agreement ¶ 7) (emphasis added) "Where, as here, the parties — by their own unambiguous terms — manifest their intent that a writing represent the entire agreement between them, 'we will follow [the] plain meaning [of that writing] and abstain from imputing language or interpretations that are not in accordance with [such writing's] plain meaning.'" *Phillip*, 66 V.I. at 627 (quoting *Weary v. Long Reef Condo. Ass'n*, 57 V.I. 163, 69-70 (V.I. 2012)). Thus, the Court finds that the parties' inclusion of a merger clause indicated their intention for the Employment Agreement to contain their entire agreement and under the plain meaning of the Employment Agreement, any and all prior agreements governing Plaintiff's employment with JFL were no longer binding on either party as a matter of law. *See Phillip*, 66 V.I. at 627 ("The parties' inclusion of a merger clause further indicates that they intended for the second contract to contain their entire agreement.").

¶ 12    In her first amended complaint, Plaintiff alleged that VIGHHFC "breached the employment contract, both expressly and impliedly, between the parties and thereby forced Plaintiff out of her job without just cause." (Compl. ¶ 22) However, there is no duty under the Employment Agreement to terminate Plaintiff only for just cause because, as noted above, the Employment Agreement provided that Plaintiff may be terminated with or without cause. Absent a duty, no breach of duty can occur. As such, VIGHHFC has established that there is no material

issue of fact to resolve and it is entitled to judgment in its favor as a matter of law as to Plaintiff's

claim for breach of contract. *Benjamin*, 56 V.I. at 566.

## 2. Breach of Implied Covenant of Good Faith and Fair Dealing

¶ 13    In its motion, VIGHHFC argued that it is entitled to judgment as a matter of law as to

Plaintiff's claim for breach of implied covenant of good faith and fair dealing because Plaintiff

was an at-will employee and "the implied covenant of good faith and fair dealings does not impose

an obligation to terminate an at-will employee only for just cause." (Motion, p. 6) (emphasis

omitted) VIGHHFC made the following assertions in support of its argument: (i) "The Virgin

Islands Supreme Court has observed that the employment-at-will doctrine has been adopted in

nearly every American jurisdiction; and our Superior Court has, pursuant to a *Banks* analysis,

determined that the common law doctrine of at-will employment is the soundest rule for the Virgin

Islands" and "[t]herefore, the common law principle that an employment relationship is at-will

unless it is modified by a statute, such the WDA, or an express contract provision."[11] (Id., at p. 3);

(ii) "While at-will employment has been abrogated for some public sector employees by statute,

not all public sector employees have a proprietary interest in their continued employment such that

they may be terminated only for cause."[12] (Id., at pp. 3-4); (iii) "With respect to public sector

employment in the Virgin Islands, our Supreme Court has determined that only *'regular*

*employees'* of the Virgin Islands Government have such a legitimate claim of entitlement,"[13]

---

[11] VIGHHFC referenced: *Canton v. V.I. Humanities Council*, 2017 V.I. LEXIS 116, at *15-16 (Super. Ct. July 26, 2017) ("To rule otherwise would judicially abrogate the WDA, which abolished the common law employment-at-will doctrine *for covered employees.*")

[12] VIGHHFC referenced: *Canton*, 2017 V.I. LEXIS 116, at *24; *Williams-Jackson v. Pub. Emples. Rels. Bd.*, 52 V.I. 445, 453 (V.I. 2009); *Willocks-Gonzalez v. Pub. Emps. Relations Bd.*, 71 V.I. 137, 144 (Super. Ct. 2019).

[13] VIGHHFC referenced: *Williams-Jackson*, 52 V.I. 445; *Fleming v. Cruz, 62 V.I. 702 (2015)* (citing *Iles v. de Jongh*, 638 F.3d 169, 174 (3d Cir. 2011) ("[U]nder the employee termination procedures of [3 V.I.C.] §530, [only] employees who are *regular employees* may be terminated only for cause, thus granting them a property interest in continued employment.")).

however, "not all 'career service' employees may be fired only for cause, 'but rather, only those who also meet the definition of 'regular' employees.'"[14] (Id., at p. 4); (iv) "[T]o be considered a 'regular employee' of the 'career service' one must satisfy the requirements of both 3 V.I.C. §451 and 3 V.I.C. §530.[15] (Id.) (emphasis omitted); (v) "[Title 3 V.I.C.] §§421 [sic] and 530 "should be read in harmony to mean that a 'regular employee' must have been appointed by competitive examination pursuant to 3 V.I.C. 521; have served for more than two years in the executive branch or in an instrumentality; and must not be on contract or on probation"[16] and when these provisions are applied to the facts here, Plaintiff "was not a 'regular employee' in the 'classified service' because she was not appointed through a competitive examination process."[17] (Id., at p. 5); (vi) Plaintiff was "employed for more than two years as is specified in § 530" and "employed on contract (the express terms of which were that she could be terminated without cause), and "[a]s such, by definition, Ms. Aaron was not a 'regular employee' and had no reasonable expectation of long-term employment"[18] and thereby, Plaintiff "was an at-will employee subject to termination at any time without cause." (Id., at pp. 5-6); (vii) "[W]hile the implied covenant of good faith and fair dealing applies to at-will employment contracts in the Virgin Islands, it is well settled that the implied covenant only protects the employee's payment earned from labor previously performed"[19] and "[a]n at-will employee does not have a reasonable expectation of continued

---

[14] VIGHHFC referenced: *Frazer v. Police Benevolent Ass'n, Local 816*, 2017 V.I. LEXIS 177, at *12 n. 75 (V.I. Super. Ct. 2017) (citing *Iles*); *Williams-Jackson*, 52 V.I. at 453.

[15] VIGHHFC referenced: *Willocks*-Gonzalez, 71 V.I. at 144.

[16] VIGHHFC referenced: *Id.*, 71 V.I. at 148.

[17] VIGHHFC referenced: *Id.*, 71 V.I. at 151; *Williams-Jackson*, 52 V.I. at 452.

[18] VIGHHFC referenced: *Willocks-Gonzalez*, 71 V.I. 137.

[19] VIGHHFC referenced: *Canton*, 2017 V.I. LEXIS 116; *Schrader Cooke v. Gov't of the V.I.*, 2019 V.I. LEXIS 130 (Super. Ct. Dec. 6, 2019).

employment or just cause termination."[20] (Id., at p. 6); and (viii) Plaintiff "does not claim that she

has been deprived of payment for labor previously performed" and "appears to argue that she was

entitled to long term employment, terminable only for just cause" but "the implied covenant of

good faith and fair dealing will not override the contract's express language."[21] (Id., at p. 7)

¶ 14    Currently, there are no Virgin Islands law or rules and no prior precedent from the Virgin

Islands Supreme Court that addresses the issue of whether the common law doctrine of implied

duty of good faith and fair dealings in contracts should be applied to at-will employment contracts.

In *Canton*, the court, after a *Banks* analysis, concluded that the best rule for the Virgin Islands is

to confirm that "an implied duty of good faith and fair dealing exists in at-will employment

contracts [but]…the implied duty only protects an employee's reasonable expectations stemming

from the employment contract, i.e. payment earned from labor provided" and thereby, concluded

that "[a]n at-will employee does not have a reasonable expectation of continued employment or

just cause termination." 2017 V.I. LEXIS 116 at *24. The Court agrees and adopts the reasoning

and determinations of the *Canton* court as to the issue of whether the common law doctrine of

implied duty of good faith and fair dealings in contracts should be applied to at-will employment

contracts.

---

[20] VIGHHFC referenced: *Id.*; *Espersen v. Sugar Bay Club & Resort Corp.*, 2018 V.I. LEXIS 68, at *26-27 (Super. Ct. July 18, 2018) (emphasis added) (the court held that the "implied duty of good faith and fair dealing exists in at-will employment contracts but insofar as "only protect[ing] an employee's reasonable expectations stemming from the employment contract, i.e. payment earned from labor provided," so that *an at-will employee does not have a reasonable expectation of continued employment or just cause termination*); *Canton*, 2017 V.I. LEXIS 116.

[21] VIGHHFC referenced: *Fields v. Thompson Printing Co.*, 363 F.3d 259, 271-72 (3d Cir. 2004); *see also Mendez v. Coastal Sys. Dev.*, No. 2005-0165, 2008 U.S. Dist. LEXIS 135322 (D.V.I. May 20, 2008); *Mendez v. Puerto Rican Int'l Cos.*, No. 05-174, 2013 U.S. Dist. LEXIS

*146228 (D.V.I. Oct. 4, 2013)* (finding that breach of covenant of good faith and fair dealing constitutes breach of an obligation created by underlying contract and only allows for contract damages).

¶ 15    As noted above, Plaintiff's employment with JFL was governed by the Employment

Agreement, which provided that Plaintiff may be terminated with or without cause. Thus, the Court

finds that the Employment Agreement was an at-will employment contract and therefore, Plaintiff

was an at-will employee and her employment could be terminated with or without cause. In her

first amended complaint, Plaintiff did not allege that her termination was motivated by Defendant's

desire to avoid providing a reasonably expected benefit or that she has been deprived of any

retrospective right to earned benefits; instead, Plaintiff alleged that "Defendants [sic] breached the

implied covenant of good faith and fair dealing with regard to the Plaintiff by terminating her

without just cause, i.e. forcing her out of work." (FAC ¶ 17) However, the implied duty does not

protect Plaintiff from termination without just cause because Plaintiff, as an at-will employee, had

no reasonable expectation of continued employment or just cause termination. *Canton*, 2017 V.I.

LEXIS 116 at *24 ("An at-will employee does not have a reasonable expectation of continued

employment or just cause termination."). Again, absent a duty, no breach of duty can occur. As

such, VIGHHFC has established that there is no material issue of fact to resolve and it is entitled

to judgment in its favor as a matter of law as to Plaintiff's claim for breach of implied covenant of

good faith and fair dealing.[22] *Benjamin*, 56 V.I. at 566.

---

[22] In its motion, VIGHHFC argued that Plaintiff was not a regular employee as defined under Title 3 V.I.C. § 451 and Title 3 V.I.C. § 521. However, whether Plaintiff was a regular employee as defined under Title 3 V.I.C. § 451 and Title 3 V.I.C. § 521 is not an issue before the Court. First, Plaintiff did not allege in the first amended complaint that she was a regular employee under Title 3 V.I.C. § 451 and Title 3 V.I.C. § 521; Plaintiff simply alleged that her employment with JFL was governed by an agreement—"Plaintiff and [VIGHHFC] were parties to an employment relationship/agreement, the terms of which were made by various written and verbal communications, promises, and performances." (FAC ¶ 20) Second, Plaintiff did not file an opposition to VIGHHFC's motion to argue that, unlike what VIGHHFC claimed, she was a regular employee under Title 3 V.I.C. § 451 and Title 3 V.I.C. § 521. It is the duty of Plaintiff's counsel to advocate for Plaintiff's position, not the Court's, and the Court will not make the arguments for Plaintiff. *See e.g., Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) (the Court will not make a movant's arguments for him when he has failed to do so). Thus, at this juncture, the Court need not address the issue of whether Plaintiff was a regular employee as defined under Title 3 V.I.C. § 451 and Title 3 V.I.C. § 521.

### 3. Intentional Infliction of Emotional Distress

¶ 16    In its motion, VIGHHFC argued that it is entitled to judgment as a matter of law as to

Plaintiff's claim for intentional infliction of emotional distress (IIED) because Plaintiff "has not

allege any extreme our [sic] outrageous behavior on the part of [VIGHHFC] as a predicate to her

IIED claim." (Id., at p. 9) VIGHHFC made the following assertions in support of its argument: (i)

"To prevail on a claim of intentional infliction of emotional distress Plaintiff must demonstrate

that Defendant's conduct was outrageous in character, extreme in degree, and beyond all possible

bounds of decency; to be regarded as atrocious, and utterly intolerable in a civilized community,

such that 'the recitation of the facts to an average member of the community would arouse his

resentment against the actor, and lead him to exclaim, 'Outrageous!'"[23] (Id., at p. 8); (ii) "[T]he

suspension or termination of an at-will employee is not the type of 'outrageous conduct' that could

be deemed atrocious and utterly intolerable such that no reasonable person in a civilized society

would be expected to endure it" and "[i]n fact, 'such activity is legal and typical of an at-will

employment relationship.'"[24] (Id.); (iii) "'[I]t is extremely rare to find conduct in the employment

context that will rise to the level of outrageousness necessary to provide a basis for recovery for

the tort of intentional infliction of emotional distress' at all."[25] (Id., at p. 9); and (iv) Plaintiff's

"complaint rests solely on the fact that Defendant terminated her employment." (Id., at p. 9)

---

[23] VIGHHFC referenced: *Edwards v. Marriott Hotel Mgmt. Co. (V.I.), Inc.*, 2015 V.I. LEXIS 13, at *23-25 (Super. Ct. Jan. 29, 2015).

[24] VIGHHFC referenced: *Schrader-Cooke*, 72 V.I. at 247.

[25] VIGHHFC referenced: *Id.* (quoted in *Ramos v. St. Croix Alumina, L.L.C.*, 277 F. Supp. 2d 600, 604 (D.V.I. 2003)); *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 940 (3d Cir. 1997); *see also Pennick v. V.I. Behavorial Serv.*, No. 2006-0060, 2012 U.S. Dist. LEXIS 23402, at *11-12 (D.V.I. Feb. 22, 2012); *Hodge v. Daily News Publ. Co., Inc.*, 52 V.I. 186, 2009 V.I. LEXIS 26 (V.I. Super. Ct. Dec. 4, 2009) (outrageous conduct is a very difficult standard to meet in an employment context); *Alvarez v. Pueblo International, Inc.*, 24 V.I. 141, 147 (Terr. Ct. 1989) (termination of employment "does not rise to the level of conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society").

¶ 17    Currently, there are no Virgin Islands law or rules and no prior precedent from the Virgin Islands Supreme Court that recognizes or identifies the elements of an intentional infliction of emotional distress claim. In *Joseph v. Sugar Bay Club & Resort* and *Diaz v. Ramsden*, the courts, after a *Banks* analysis, both concluded that "RESTATEMENT (SECOND) OF TORTS § 46 represents the soundest rule for the Virgin Islands"[26] and held that "[t]o recover damages for this tort, Plaintiff must show that the Defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Joseph*, 2014 V.I. LEXIS 14, *8-9 (Super. Ct. March 17, 2014), *rev'd on other grounds*, 2015 V.I. Supreme LEXIS 4 (V.I. 2015); *Diaz*, 67 V.I. 81, 88 (Super. Ct. Sep. 22, 2016). The Court agrees and adopts the reasoning and determinations of the *Joseph* court and *Diaz* court as to the recognition of an intentional infliction of emotional distress claim and the elements thereto.

¶ 18    In her first amended complaint, Plaintiff alleged that "as a direct result of [VIGHHFC's] unlawful actions in terminating Plaintiff's employment without justification, Plaintiff suffered intentional infliction of emotional distress" and "[a]s direct result and proximate result of [VIGHHFC's] intentional and/or reckless acts or omissions, Plaintiff suffered damages," but Plaintiff did not elaborate on the nature or extent of emotional distress she suffered. (FAC ¶¶ 25,

---

[26] RESTATEMENT (SECOND) OF TORTS § 46 provides:

§ 46 Outrageous Conduct Causing Severe Emotional Distress

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

(2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress

(a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or

(b) to any other person who is present at the time, if such distress results in bodily harm.

27) In other words, Plaintiff's intentional infliction of emotional distress claim is predicated on VIGHHFC's conduct of terminating her employment without cause. The Court finds that the termination of Plaintiff's employment without cause is not the type of conduct that rises to the level "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society" that can form the basis of an intentional infliction of emotional distress claim.[27] *Joseph*, 2014 V.I. LEXIS 14 at *9 ("this already high standard [of IIED] is very difficult to meet in an employment discrimination case") (citing *Hodge v. Virgin Islands Daily News*, 52 V.I. 186, 198 (Super. Ct. Dec. 17, 2009); *Cf. Alvarez v. Pueblo*, 24 V.I. 141, 147 (Terr. Ct. March 8, 1989) (holding an employer's exercise of such discretion in dismissing an employee "does not rise to the level of conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society"); *see also, Schrader-Cooke*, 72 V.I. at 247 ("The suspension or termination of an exempt employee is not the type of outrageous conduct that could be deemed atrocious and utterly intolerable such that no reasonable person in a civilized society would be expected to endure it. 'It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.'") (quoting *Smith v. V.I. Housing Auth*, 2011 U.S. Dist. LEXIS 19409, *24 (D.V.I. 2011) (citing *Matczak v. Frankford Candy and Chocolate Co.*, 136 F.3d 933, 940 (3d Cir. 1997))). In fact, the Employment Agreement, which governed Plaintiff's employment with JFL, explicitly provided that Plaintiff may be terminated with or without cause. As such, VIGHHFC has

---

[27] Based on the Court's finding, it is not necessary to determine the level of severity of emotional distress at this juncture.

established that there is no material issue of fact to resolve and it is entitled to judgment in its favor

as a matter of law as to Plaintiff's claim for intentional infliction of emotional distress. *Benjamin*,

56 V.I. at 566.

### 4. Negligent Infliction of Emotional Distress

¶ 19      In its motion, VIGHHFC argued that it is entitled to judgment as a matter of law as to

Plaintiff's claim for negligent infliction of emotional distress (NIED) because "NIED is not the

'lesser-included' offense of IIED" and Plaintiff has not alleged "harm or emotional distress to rise

to the level necessary to sustain [NIED] claim."[28] (Id., at pp. 9, 11) VIGHHFC made the following

assertions in support of its argument: (i) "While the Supreme Court of the Virgin Islands has not

recognized a claim for negligent infliction of emotional distress (NIED), the Superior Court has

recognized and (pursuant to a *Banks* analysis) defined elements necessary to establish a claim of

NIED, as follows: to prevail on a claim of negligent infliction of emotional distress under a theory

that the plaintiff was the direct victim of a defendant's negligent conduct, a plaintiff must prove:

(1) that the defendant owed the plaintiff a duty of care to ensure the plaintiff does not suffer serious

or severe emotional injury, which duty either arose by contract or was imposed as an independent

legal obligation; that the defendant breached its contractual or legal obligation, i.e. its duty; and

(3) that, as a direct and proximate result of defendant's breach, the plaintiff suffered a serious or

severe emotional injury."[29] (Id., at p. 10); (ii) "The District Court has retained the physical injury

requirement from the Restatement"[30] while "the Superior Court has leaned towards their

---

[28] VIGHHFC referenced: *Gerard v. Demsey*, 2016 V.I. LEXIS 115 (Super. Ct. Aug. 22, 2016).

[29] VIGHHFC referenced: *Donastorg v. Daily News Publ. Co.*, 63 V.I. at 196; *Estate of Burnett v. Kazi Foods of the V.I.*, 69 V.I. 50 (Super. Ct. 2016).

[30] VIGHHFC referenced: *Mercer v. Gov't of the V.I. Dep't of Educ.*, No. 2014-50, 2016 U.S. Dist. LEXIS 135645, at *38-39 (D.V.I. Sep. 30, 2016).

abandonment."[31] (Id.); (iii) "In support of her NIED claim Plaintiff simply asserts 'if not intentional, Plaintiff suffered negligent infliction of emotional distress' but "the Superior Court held that similar pleadings that "the acts of Defendants as stated above, *if not intentional, were negligently done* for the purpose of inflicting severe emotional distress on Plaintiff ... Plaintiff has suffered infliction of emotional distress, economic damages as well as damages to his reputation. [sic]" are insufficient to state a claim for NIED as a matter of law."[32] (Id., at p. 11); and (iv) "[W]ithout specificity indicating emotional injury beyond the 'migraine/headaches, stress and other ailments' [the plaintiff] has not adequately pled facts to state a claim for negligent infliction of emotional distress."[33] (Id., at pp. 11-12)

¶ 20    Currently, there are no Virgin Islands law or rules and no prior precedent from the Virgin Islands Supreme Court that recognizes or identifies the elements of a negligent infliction of emotional distress claim. In *Donastorg* and *Diaz*, the courts, after a *Banks* analysis, both concluded that the following is the soundest rule for the Virgin Islands:

> "[T]o prevail on a claim of negligent infliction of emotional distress under a theory that the plaintiff was the direct victim of a defendant's negligent conduct, a plaintiff must prove: (1) that the defendant owed the plaintiff a duty of care to ensure the plaintiff does not suffer serious or severe emotional injury, which duty either arose by contract or was imposed as an independent legal obligation; (2) that the defendant breached its contractual or legal obligation, i.e. its duty; and (3) that, as a direct and proximate result of defendant's breach, the plaintiff suffered a serious or severe emotional injury."

> *Donastorg*, 2015 V.I. LEXIS at 314; *Diaz*, 67 V.I. at 88.

---

[31] VIGHHFC referenced: *Donastorg*, 63 V.I. at 312 ("The Court also rejects the requirement that emotional distress must produce physical symptoms before the emotional injury will be considered severe. Although courts in the Virgin Islands have imposed such a requirement in the past, this requirement ignores the facts that individuals respond differently to the same event, and that some mental injuries persist despite an absence of physical symptoms."); *but see Diaz v. Ramsden*, 67 V.I. 81 at 93 (Super. Ct. 2016) ("An NIED claim may be brought by an individual *who is physically injured* or a plaintiff who witnesses injury to a third person.") and *Smith* infra. (maintaining severity of emotional injury requirement as a distinguishing factor between IIED and NIED).

[32] VIGHHFC referenced: *Gerard*, 2016 V.I. LEXIS 115.

[33] VIGHHFC referenced: *Smith v. Law Offices of Karin A. Bentz, P.C.*, 2017 V.I. LEXIS 111, at *15-16 (Super. Ct. July 20, 2017).

The Court agrees and adopts the reasoning and determinations of the *Donastorg* court and *Diaz* court as to the recognition of a negligent infliction of emotional distress claim and the elements thereto.

¶ 21 In her first amended complaint, Plaintiff's claim for negligent infliction of emotional distress was alleged as an alternative cause of action to Plaintiff's claim for intentional infliction of emotional distress—to wit, "[i]f not intentional, Plaintiff suffered negligent infliction of emotional distress"—and again, Plaintiff did not elaborate on the nature or extent of emotional distress she suffered. (FAC ¶ 26) In other words, Plaintiff's negligent infliction of emotional distress claim is similarly predicated on VIGHHFC's conduct of terminating her employment without cause.

¶ 22 The Court must note that "negligent infliction of emotional distress is not a lesser-included offense of intentional infliction of emotional distress, so to speak[;] [t]hey are different torts." *Arnos v. Hess Corp.*, 71 V. I. 463, 507 (Super. Ct. Oct. 17, 2019). Plaintiff did not allege that VIGHHFC owed her a duty of care that arose from a contract or existed due to a previously imposed legal obligation, that VIGHHFC breached such duty, and that Plaintiff suffered a serious or severe emotional injury as a direct and proximate result of VIGHHFC's breach.

¶ 23 The Court finds that VIGHHFC did not owe Plaintiff a duty of care that arose from a contract or existed due to a previously imposed legal obligation to terminate Plaintiff only for just cause. In fact, as noted above, the Employment Agreement, which governed Plaintiff's employment with JFL, explicitly provided that Plaintiff may be terminated with or without cause. Plaintiff did not allege in the first amended complaint that VIGHHFC owed her a duty to terminate her only for just cause and Plaintiff did not dispute VIGHHFC's claim. Again, absent a duty, no

breach of duty can occur.[34] As such, VIGHHFC has established that there is no material issue of fact to resolve and it is entitled to judgment in its favor as a matter of law as to Plaintiff's claim for negligent infliction of emotional distress. *Benjamin*, 56 V.I. at 566.

## CONCLUSION

¶ 24    Based on the foregoing, the Court will grant VIGHHFC's motion for judgment on the pleadings as to all the causes of action alleged in Plaintiff's complaint—Count I-breach of implied covenant of good faith and fair dealing, Count II-breach of employment contract, Count III-intentional infliction of emotional distress, or in the alternative, negligent infliction of emotional distress. Additionally, the Court will close this matter since there are no other pending issues herein. An order and judgment consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE this \_\_\_\_\_ day of March 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

---

[34] Based on the Court's finding, it is not necessary to determine the level of severity of emotional distress and whether physical harm is required for a negligent infliction of emotional distress claim.